UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

A.C. JAMES, JR.,

        Plaintiff,

        v.           CAUSE NO.: 3:20-CV-192-JD-MGG

RON NEAL, et al.,

        Defendants.

OPINION AND ORDER

A.C. James, Jr., a prisoner without a lawyer, filed an amended complaint. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the amended complaint, James alleges that, on October 17, 2019, Analyst White confiscated exhibits from his legal mail because they contained personal identifying information of individuals involved with his criminal case. He challenged this decision through the grievance process, but he could not get them back. James

requested another copy of the records from the State court, and, on November 25, 2019, Analyst White confiscated the exhibits again. James complained to other correctional officials that he needed these exhibits to pursue his appeal of his post-conviction proceedings, but they agreed with Analyst White. On November 27, Analyst White returned the exhibits, but she had redacted personal information from them, including addresses, telephone numbers, and criminal history.

James asserts that the defendants violated his right of access to the courts by confiscating and redacting exhibits from his criminal proceedings. Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id*. (citations omitted). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id*. at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)).

To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 591, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a

constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). "Thus, when a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filings, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003) (overruled on other grounds).

Significantly, it is unclear from the complaint how these redactions have prejudiced James' ability to pursue his appeal. The amended complaint contains no indication that the redactions caused him to miss any deadlines or caused the Court of Appeals of Indiana to deny his appeal. To the contrary, his appeal remains pending in that court. *James v. State*, 02D04-1411-PC-160, available at https://public.courts.in.gov/mycase/. Nor does it appear from the amended complaint that the limited redactions are particularly likely to prejudice his appeal. Broadly speaking, appeals involve arguments that the parties raised during proceeding with lower court. *See Johnson v. Parkview Health Sys., Inc.*, 801 N.E.2d 1281, 1287 (Ind. Ct. App. 2004). ("A party generally waives appellate review of an issue or argument unless that party presented that issue or argument before the trial court."). This indicates that James already has some

familiarity with the relevant criminal history and has the necessary information from his State court filings to coherently reassert his argument on appeal. Further, to the extent unredacted versions of the records are necessary to resolve his appeal, the Court of Appeals of Indiana has the means to obtain them. Because the allegations do not suggest that James has suffered an actual injury, he may not proceed on a claim of interference with access to the courts.

Nevertheless, the court will give James an opportunity to file another amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he must put the case number of this case on it, which is on the first page of this order. However, he should only file an amended complaint if he believes he can address the deficiencies set forth in this order.

James also filed a motion for a preliminary injunction for an order preventing from interference with access to the courts, obstruction of justice, obstruction of correspondence, due process violations, and certain departmental policy violations. The purpose of preliminary injunctive relief is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortg. Corp. v. Platinum Fin. Group, Inc.*, 149 F.3d 722, 726 (7th Cir.1998). "In order to obtain a preliminary injunction, the moving party must show that: (1) they are reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest." *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004).

For the reasons set forth above, the court finds that James is not reasonably likely to succeed on the merits of his claims as set forth in the amended complaint and that James will not suffer irreparable harm absent injunctive relief. *See EnVerve, Inc. v. Unger Meat Co.*, 779 F. Supp. 2d 840, 844 (N.D. Ill. 2011) ("A potential injury is irreparable when the threatened harm would impair the court's ability to grant an effective remedy."). Therefore, the motion for a preliminary injunction is denied.

For these reasons, the court:

(1) GRANTS A.C. James, Jr., until May 29, 2020, to file an amended complaint;

(2) CAUTIONS A.C. James, Jr., that, if he does not respond by that deadline, this case will be dismissed without further notice; and

(3) DENIES the motion for a preliminary injunction (ECF 4).

SO ORDERED on May 1, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT