UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

A.C. JAMES, JR.,

    Plaintiff,

        v.                          CAUSE NO. 3:20-CV-192-JD-MGG

RON NEAL, et al.,

    Defendants.

OPINION AND ORDER

A.C. James, Jr., a prisoner without a lawyer, filed an amended complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the amended complaint, James alleges that, on October 17, 2019, Analyst White confiscated exhibits from his legal mail because they contained personal identifying information of individuals involved with his criminal case. He challenged

this decision through the grievance process, but he could not get them back. James requested another copy of the records from the State court, and, on November 25, 2019, Analyst White confiscated the exhibits again. James complained to other correctional officials that he needed these exhibits to pursue an appeal of his post-conviction proceedings, but they agreed with Analyst White. On November 27, Analyst White returned the exhibits, but she had redacted personal information from them, including addresses, telephone numbers, and criminal history.

James asserts that the defendants, who work for the Indiana Department of Correction and Indiana Attorney General's Office, violated his right of access to the courts by confiscating and redacting exhibits from his criminal proceedings. In the previous screening order, the court denied James leave to proceed on such claims of interference as follows:

> To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 591, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). "Thus, when a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filings, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003) (overruled on other grounds).

> Significantly, it is unclear from the complaint how these redactions have prejudiced James' ability to pursue his appeal. The amended complaint contains no indication that the redactions caused him to miss any deadlines or caused the Court of Appeals of Indiana to deny his appeal. To the contrary, his appeal remains pending in that court. *James v. State*, 02D04-1411-PC-160, available at https://public.courts.in.gov/ mycase/. Nor does it appear from the amended complaint that the limited redactions are particularly likely to prejudice his appeal. Broadly speaking, appeals involve arguments that the parties raised during proceeding with lower court. *See Johnson v. Parkview Health Sys., Inc.*, 801 N.E.2d 1281, 1287 (Ind. Ct. App. 2004). ("A party generally waives appellate review of an issue or argument unless that party presented that issue or argument before the trial court."). This indicates that James already has some familiarity with the relevant criminal history and has the necessary information from his State court filings to coherently reassert his argument on appeal. Further, to the extent unredacted versions of the records are necessary to resolve his appeal, the Court of Appeals of Indiana has the means to obtain them. Because the allegations do not suggest that James has suffered an actual injury, he may not proceed on a claim of interference with access to the courts.

In the amended complaint, James acknowledges the screening order but does not explain how the defendants' conduct prejudiced his appeal. Consequently, the amended complaint does not state a valid access to the courts claim.

James also asserts that the defendants violated various constitutional rights, including the right to a fair trial, the right against unreasonable searches and seizures, the right to confront an accuser, the right against cruel and unusual punishment, the right to equal protection; the right to petition, and the right to present a complete defense. However, the factual allegations do not support any component of this scattershot approach. For example, the amended complaint does not suggest that the defendants, by redacting personal identifiers, punished him in a manner that is "incompatible with the evolving standards of decency that mark the progress of a

maturing society," *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (cruel and unusual punishment), or that "the defendants' actions had a discriminatory effect and were motivated by a discriminatory purpose." *Chavez v. Illinois State Police*, 251 F.3d 612, 635–36 (7th Cir. 2001) (equal protection). Similarly, there is no suggestion that the defendants violated the rights applicable to his criminal trial or prevented him from issuing requests to a government entity in violation of the First Amendment. Further, the right against unreasonable searches and seizures simply does not apply to James' personal effects and surroundings at the Indiana State Prison. *Hudson v. Palmer*, 468 U.S. 517, 527–28 (1984) ("A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order."). In sum, the amended complaint does not state a claim upon which relief can be granted.

James also filed a motion for recruitment of counsel. "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (*citing Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). However, in some circumstances, the court may ask counsel to volunteer to represent indigent parties.

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt*, 503 F.3d at 654. James offers no indication that he has made any attempt at obtaining counsel on his own. Further, this case is at the screening stage, and James was granted leave to amend his complaint to explain how the defendants prejudiced his

4

ability to pursue his State court appeal. This directive was not particularly complex or demanding, and nothing in the record suggests that James was unable to satisfy it without assistance from counsel. In sum, the amended complaint does not state a valid claim, and James has not shown that he is entitled to recruitment of counsel.

For these reasons, the court:

(1) DENIES the motion for counsel (ECF 12); and

(2) DISMISSES this case pursuant to 28 U.S.C. § 1915A because the amended complaint does not state a claim upon which relief can be granted.

SO ORDERED on August 19, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT